UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAKEWOOD SHORES HOMEOWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY, et al.,<br><br>Defendants. | CASE NO. C18-1353MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

THIS MATTER comes before the Court on Defendants Indian Harbor Insurance Company ("Indian Harbor") and Certain Underwriters at Lloyd's, London ("Underwriters") Motion for Reconsideration. (Dkt. No. 30.) Having reviewed the Motion, the Response (Dkt. No. 32), the Reply (Dkt. No. 36) and the related record, the Court DENIES the Motion for Reconsideration. The Court GRANTS the Motion to Strike the Declaration of Thomas Lether. (Dkt. No. 33.) The Court declines to hear oral argument on the matter.

### I. Motion to Strike

Indian Harbor and Underwriters move to strike the Declaration of Thomas Lether, which purports to provide an expert opinion as to the effect of suit limitation provisions in the insurance industry and is offered by Lakewood Shores in response to the Motion for Reconsideration. (Dkt. No. 33.) While the declaration might otherwise be admissible as an expert opinion, the Court will not consider it in the context of the Motion for Reconsideration, as it is not a type of evidence "which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). The Motion to Strike is GRANTED.

### I. Motion for Reconsideration

Motions for reconsideration are disfavored and ordinarily will not be granted "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). While Indian Harbor and Underwriters contend that the Court erred in denying their Motion to Dismiss on the grounds that the suit limitation clause does not negate coverage nor extinguish the their obligation to conduct an investigation (Dkt. No. 28 at 6), they cite the same cases and repeat the same arguments the Court previously considered and rejected.

To the extent that Indian Harbor and Underwriters attempt to rely upon Schaeffer v. Farmers Ins. Exch., 111 Wn. App. 1018, 2002 WL 662889 (2002),[1] and Hampton v. Allstate Corp., Case No. C13-0541JLR, 2014 WL 1569239 (W.D. Wash. Apr. 18, 2014), neither supports their position nor provides grounds for reconsideration. In Schaeffer, the Washington Court of Appeals held that the policy's one-year suit limitation clause did *not* bar the insured's extra-

---

[1] The Court notes that Schaeffer is an unpublished opinion with no precedential value. See Wash. Gen. R. 14.1.

1 contractual claims as a matter of law because "[t]he insurer's duty of good faith and fair dealing
2 arises not just from the contract, but from an independent source." 2002 WL 662889 at *4.
3 There, the insurer "investigated the . . . claim and denied coverage" and the insured "failed to
4 submit sufficient evidence to raise a genuine issue of material fact as to whether it was harmed
5 by [the insurer's] alleged bad faith." Id. at *5.

Similarly, in <u>Hampton</u>, the court found that, where the only admissible evidence of harm resulting from the insurer's failure to investigate a claim consisted of "the costs associated with retaining the expert witness" in the litigation, the insurer was entitled to summary judgment with respect to the insured's CPA claim. 2014 WL 1569239 at *9. The court noted that while "expert witness fees and other [litigation] expenses" were not cognizable injuries under the CPA, "investigative expenses due to [an insurer's] failure to investigate" could be. Id.

In other words, neither <u>Schaeffer</u> nor <u>Hampton</u> held that a policy's suit-limitation clause eliminates an insurer's obligation to investigate a time-barred claim, nor that an insured can *never* maintain a bad faith claim where an insurer fails to do so. Moreover, both cases were decided at the summary judgment stage, after discovery had been taken and the insureds had failed to produce substantive evidence of harm. While discovery may ultimately reveal that Lakewood Shores was similarly not harmed by Indian Harbor or Underwriters' failure to investigate their claim, its extra-contractual claims are not foreclosed as a matter of law and dismissal at this stage would be premature.

Because Indian Harbor and Underwriters have failed to show manifest error in the Court's previous order or to raise any evidence which compels a different result, the Motion for Reconsideration is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 23, 2019.

Marsha J. Pechman
United States District Judge